IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRACI ROBERTS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1625-L** |
| | § | |
| **UNITRIN SPECIALITY LINES** | § | |
| **INSURANCE CO., et al.,** | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiff's Motion to Remand, filed October 5, 2009.  After carefully considering the motion, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

Plaintiff Traci Roberts filed her Original Petition in the County Court at Law Number 5, Dallas County, Texas, on April 16, 2009, alleging various claims against Defendants Unitrin Specialty Lines Insurance Co., Unitrin County Mutual Insurance Co., Trinity Universal Insurance Co., Unitrin, Inc., John Mullen, Dan Maloney, James Dickey, Lawrence Kufel, and Cliff Shumway (collectively, "Defendants").  Plaintiff filed her First Amended Original Petition on August 7, 2009. In that pleading, she asserts the following claims:  intentional infliction of emotional distress; intentional injury – assault and battery; wrongful discharge pursuant to Texas Labor Code § 21.051; retaliation for filing workmen's compensation claim under Texas Labor Code § 451.001 *et seq.*; intentional assault; bad faith insurance; and defamation.

Defendants removed the case to this court on August 31, 2009, pursuant to 28 U.S.C. § 1441(a), because they contend that she is seeking to recover disability benefits from an ERISA

disability benefits plan.  Defendants specifically point to Plaintiff's bad faith insurance claim, which they contend will require interpretation of the ERISA plan and is preempted.

On October 5, 2009, Plaintiff filed both the instant motion and an amended complaint.  The court unfiled the pleading on November 3, 2009, because it was filed without leave of court in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure.  In her motion for remand, Plaintiff argues that this action is related to another federal civil action, number 3:06-CV-0380-B. In that case, the court dismissed her federal claims and dismissed her remaining state law claims without prejudice.  She contends that this action is her prosecution of those dismissed state-law claims.

Defendants argue that Roberts's motion violates Local Rule 7.1 and is untimely.  They further contend that her pleading at the time of removal provides a basis for federal jurisdiction. Defendants cite *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985), in which the court noted:  "The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute."

Defendants are correct that in ruling on a motion to remand, the court must consider the pleading that was live at the time of removal.  "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).  Under this standard, the court looks to Plaintiff's First Amended Original Petition that was filed in state court.  In that pleading, she asserted a claim of bad faith insurance, which is preempted

by ERISA.  *Harris v. Blue Cross and Blue Shield of Texas,* Inc., 729 F. Supp. 49, 52-53 & n.6 (N.D. Tex. 1990).  Accordingly, at the time of removal, Plaintiff pleaded a claim that created a basis for removal; the court therefore **denies** Plaintiff's Motion to Remand.

It is clear to the court, however, that Plaintiff seeks to omit any federal claim from her pleading.  In Defendant's Notice of Removal, the only cause of action specifically referred to is the bad faith insurance claim, which Plaintiff has once tried to omit from her pleading.  While the court held in *Boelens* that a plaintiff could not voluntarily amend to destroy federal question jurisdiction, that decision must be considered in light of the more recent Supreme Court case of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), which created an exception to this general rule.

In *Carnegie-Mellon*, the Court specifically considered whether the appellate court was correct in denying a petition for a writ of mandamus to a district judge.  The underlying action in *Carnegie-Mellon* involved two plaintiffs who brought claims in state court relating to the termination of one of the plaintiff's employment with the university.  *Id*. at 345.  Plaintiffs brought both state and federal claims in the state court action.  *Id*.  Defendants removed the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a).  Six months after the case was removed, the plaintiffs moved to amend their complaint and omit certain claims, including their only federal claim for age discrimination.  *Id*. at 346.  They also filed a motion to remand the case, conditional upon the court granting their motion for leave to amend.  *Id*.  The court granted the motion for leave to amend and then remanded the remaining state claims to state court.  *Id*.

Defendants then filed a petition for a writ of mandamus against the district court judge in the United States Court of Appeals for the Third Circuit.  *Id*. at 347.  Initially, a panel granted the

petition.  *Id*.  Later, the court, sitting *en banc*, vacated the panel opinions and the writ of mandamus.

*Id*. at 348.  The Court then granted *certiorari* to "resolve the split among the Circuits as to whether

a district court has discretion to remand a removed case to state court when all federal-law claims

have dropped out of the action and only pendent state-law claims remain."  *Id*.

> The Court held that a district court has such discretion.  It concluded:

>> A district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.  The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Id*. at 357.  Thus it is clear to the court that it may grant Plaintiff leave to amend her complaint to

omit the bad faith insurance claim and that the decision to remand is within its discretion.

The court determines that Plaintiff intended to omit the bad faith insurance claim when she

amended her pleading but that she failed to comply with Rule 15 of the Federal Rules of Civil

Procedure.  The court is also mindful of the 2006 action, in which the court did not exercise

supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice.

If Plaintiff is granted leave to amend to omit the bad faith insurance claim, then only state claims

will remain.  This case has been pending in this court for less than a year.  Remanding to the state

court would be preferable because the state court is better suited to handle these claims and there

is no purpose served in keeping those claims in federal court.  The court does not believe that forcing

Plaintiff to litigate a claim she wishes to omit serves any purpose.

Accordingly, Plaintiff is hereby **granted leave** to amend her complaint if she so chooses.

Her amended complaint must be filed no later than **March 12, 2010**.  If Plaintiff amends and omits

the bad faith insurance claim, and Defendants oppose remand of this case to state court, they may

file a brief in opposition, not to exceed **five pages**, no later than **March 26, 2010**.

   **It is so ordered** this 5th day of March, 2010.


Sam A. Lindsay
United States District Judge